## Spotts Estate

*Robert A. Enders,* for petitioners.
*David F. DeWees,* for respondent.

SWOPE, *P. J.,* June 28, 1977 — We have before us the petition of Gary L. Spotts for a rule to show cause why Annette Isenhour, Judy D. Enders, Donald E. Spotts and their respective spouses should not comply with the terms of the will of Carrie G. Spotts by executing a deed to petitioner for the premises in question.

The facts, which are not in dispute, are as follows:

Carrie G. Spotts died on January 10, 1975, and was survived by her four children: Gary L. Spotts, petitioner, and Donald E. Spotts, Annette Isenhour, and Judy D. Enders, respondents. Donald was appointed as administrator.

By holographic will dated January 7, 1975, testatrix provided:

"I Carrie G. Spotts being of sound mind and body here by (sic) leave all my possessions to my four children . . . as follows all Farm equipment and things used on the farm bought in partnership by Gary and his late father Herman goes to Gary and Gary Spotts is to have first chance of buying the Farm and land for which he is to pay each of the other 3 children 10,000 each and a lot of their choice the same size as the one given to Gary and Gary shall have ten years to pay what he owes the rest of the heirs and personal possessions to be divided amongst the children their (sic) is two lots in Florida which can be sold and divided between Donald, Annette, and Judy."

Petitioner contends that the will grants him the

option to purchase the farm upon the terms set forth in the will.

Respondents, who include two of the spouses of testatrix' children, contend that the will merely grants Gary a right of first refusal and that the intention of testatrix was that her children should share equally in the farm unless they decide to sell their share. In that case, the share would pass to Gary according to the terms of the will. While respondents alleged additional matters in their answer, the parties agreed at a pretrial conference that they were not at issue here.

The issue before us is whether the will grants to petitioner an option to purchase the farm according to the terms set forth therein.

While the dicta of Estate of Yarnall, 469 Pa. 99, 364 A. 2d 922 (1976), and Breisch Estate, 51 D. & C. 2d 725 (O. C. Div. Montgomery, 1970), treat language similar to that which is encountered here as creating an option to buy, we recognize that these cases, even though helpful, are nevertheless not binding upon this court in determining this issue in the case at hand.

In interpreting a will, the court will construe it according to the intent of testator as gathered from a consideration of the plain meaning of the words of the instrument. If the intent is not evident from the plain meaning of the words, then testator's scheme of distribution and the circumstances surrounding the making of the will are consulted as well as existing facts: Hamilton Estate, 454 Pa. 495, 498, 312 A. 2d 373 (1973).

The intent of testatrix here is clearly shown both by the meaning of her words and her scheme of distribution. She clearly intended to divide all her property, both real and personal, in a more or less equal manner. While Gary was not to share in the proceeds from the sale of the Florida realty, he was

to have the farm equipment and an option to buy the farm according to the prescribed terms.

To adopt respondents' interpretation that the will grants equal shares in the farm to each of the children, who then may, or may not, convey their interests as they see fit, would require this court to supply language directing that the farm should pass to the four children in kind, each to share equally. This clearly is not provided for in the will.

Additionally, it should be noted that even if this court, while rejecting the contention of an in-kind distribution, were to accept the interpretation that the will merely grants Gary a right of first refusal, the result would be the same. Absent a contrary direction in the will or an agreement between the parties, it is the duty of Donald Spotts, as administrator, to gather the assets, convert them to cash, pay the expenses and distribute the balance to the legatees and heirs. See 15 P.L.E. 551, §71. In converting the property in question into cash, Donald would be compelled by the explicit and unmistakable terms of the will to first offer the property to Gary in accordance therewith.

While an interpretation either in favor of an option or a right of first refusal would lead to the same result, this court holds that the will of Carrie G. Spotts gives to petitioner the option to purchase the property in question pursuant to the terms stated in the will. Therefore, we make the following

## FINAL ORDER

And now, June 28, 1977, Donald E. Spotts, as administrator of the estate of Carrie G. Spotts, deceased, is hereby directed to comply with the terms of this will as interpreted by, and in accordance with, the opinion of this court.